No. 20,221.

F. W. SHELTON, *Appellant*, v. THE UNION TRACTION COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Collision—Automobile and Street Car—Driver of Automobile Guilty of Contributory Negligence.* The evidence examined, and held, that a demurrer to the evidence of the plaintiff, an automobile driver, who sustained injuries in a collision with a street car, was properly sustained because the plaintiff was guilty of contributory negligence.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed November 11, 1916. Affirmed.

*Hal R. Clark*, of Independence, for the appellant.

*Chester Stevens*, of Independence, and *John J. Jones*, of Chanute, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained by the driver of an automobile which collided with a street car. A demurrer was sustained to the plaintiff's evidence, and he appeals.

The defendant operates an electric railway extending north and south on Tenth street in the city of Independence. Tenth street is crossed from east to west by Chestnut street. The collision occurred about eight o'clock in the morning. The plaintiff was driving his automobile, weighing, with the occupant, about 3600 pounds, at the rate of about ten miles per hour, eastward on the south side of Chestnut street. He observed two men walking north toward Chestnut street on the

sidewalk .on the. west side of Tenth street. Apparently the two men did not see the plaintiff, and he sounded his horn two or three times before they gave indication of seeing him. When they did see, they were just stepping off the curb into Chestnut street. The plaintiff was then about twenty feet west of the sidewalk .on which the two men approached Chestnut street. Up to that time the plaintiff had been driving at intermediate speed. He then threw the lever into high gear, waved his hand at one of the men whom he knew, and then looked at the street-car track. The street car, whose speed was not disclosed, was approaching from the south. The plaintiff immediately turned his car as much as he could toward the north and applied the emergency brake, but it was too late to avoid a collision. The automobile was pushed toward the north and to the east side of the street car track. The street car stopped with the front end about fifteen feet north of the automobile. As the plaintiff approached the two men on the sidewalk the motorman of the street car had a clear view of the situation and could have seen the plaintiff when 200 feet from him. The plaintiff had the same opportunity, and could have seen the street car, had he looked. Had he looked he could have stopped his automobile before it went on the street car track. He did not look because his attention was fixed on the two men on the sidewalk. When he did look for the street car he was about even with the curb on the west side of Tenth street.

The foregoing facts appear from the plaintiff's own narrative of what occurred and present as bald an exhibition of contributory negligence on the part of an automobile driver as the court has been called on to consider. By a simple act, which the law required of him, looking for a street car while still in a place of safety, the plaintiff could have prevented the collision. He was not excused from heeding the warning of danger to himself afforded by the street-car track because he was engaged in observing two pedestrians approaching the course he desired to hold and in warning them to keep out of his way.

Before entering Tenth street the automobile was approaching at intermediate speed and was under control. The street car came from the south, in the middle of Tenth street, and the plaintiff's gaze was fixed in that general direction on two men

south of him on the side of Tenth street. The motorman had no reason to suppose that his car, which was in plain sight of the plaintiff, was not observed, or to anticipate that as the automobile entered Tenth street it would be thrown into high gear and projected in front of him. Conceding that he was negligent in not sounding his gong (there was negative evidence that his gong was not heard), there was no evidence of wantonness, and no room for the application of the doctrine of last clear chance.

The plaintiff utterly failed to establish a right to recover, the demurrer to his evidence was properly sustained, and the judgment of the district court is affirmed.