No. 29,761.

Ethel Craig, *Appellee*, v. The Kansas City Public Service Company, *Appellant*.

(296 Pac. 374.)

Opinion filed March 7, 1931.

*Thomas H. Finigan,* of Kansas City, for the appellee.

*F. S. Jackson, James E. Smith* and *Schuyler W. Jackson,* all of Topeka, for the appellant.

The opinion of the court was delivered by

Smith, J.: The action was for damages to plaintiff and her automobile caused by collision with a street car operated by defendant. Plaintiff obtained judgment for $2,896.50. Defendant appealed.

The facts are that the collision occurred while this appellee was riding in the automobile in question, which was being driven by her husband.

Mr. and Mrs. Craig had attended the Pershing theater, which is located on the north side of Strong avenue, in Kansas City, facing south. This avenue runs east and west, and has both lines of street-car tracks upon it, one for east-bound cars and one for west-bound. There is one lot 25 feet wide between the theater and the alley, which was between Twenty-eighth and Twenty-seventh streets.

The automobile was parked directly opposite the theater on the south side of the street. It was parallel with the curb and headed east. The street at that point was lined with cars parked in a similar manner. The automobile was struck by an east-bound car of defendant. The distance between the south rail of the east-bound tracks and the curb is 12 feet and 8 inches. At a point about 150 feet from the scene of the collision is a viaduct, spoken of in the evidence as the Goddard street viaduct. There is a safety stop light at this point. At the point where the collision occurred an observer

can look westward down the street and see a street car coming a great distance off.

On the night in question appellee and her husband came out of the theater, crossed the street and got into their automobile. He started his engine and backed a short ways to enable himself to drive away from the curb. At this point she testified that she observed traffic conditions and saw a street car approaching from the west. At that time it was west of Twenty-ninth street, which would put it a half block west of the Goddard street viaduct, spoken of heretofore. She told her husband of this street car and where it was located. Mr. Craig testified that when he backed up he observed the street car and it was too far away for him to tell exactly where it was. He observed it again just as he started to drive onto the tracks, and it was 400 or 600 feet away. Mrs. Craig also testified that at that particular time she again observed the street car and it was west of the Goddard street viaduct, which would make it more than 150 feet away. The jury, in answer to special questions, found that neither Mr. nor Mrs. Craig looked before driving on the street-car tracks. Both Mr. and Mrs. Craig testified that the automobile was moving east with its north wheels about half way between the east-bound tracks when the street car hit it.

Appellant urges that the character and location of the damages to the automobile, as well as the position it was in immediately after the collision, show that as a matter of fact the car was just being driven onto the tracks when it was hit. In other words, the automobile was negligently driven onto the tracks directly in front of a rapidly approaching car.

The appellee, on the other hand, urges that the automobile was driven onto the tracks after the driver had assured himself that the car was a long distance away and had proceeded east along the tracks for some distance, and would have been out of the way had it not been for the crowd of pedestrians in the street, which prevented him from making any speed and getting away from the street car.

When a question of this kind is raised it makes necessary a rather careful examination of the evidence. Mr. and Mrs. Craig both testified that the automobile was on the tracks going east when struck. One witness said that the front of the automobile was astride the front rail, but could not say where the hind wheels were. This witness said that at that time the street car was about six feet from the automobile, just before the collision. Another

witness testified that the Craig car was struck on the side and thrown against the Stephans car, which was parked by the curb.

The damages to the automobile were that the right front fender and the front bumper were broken, when it was thrown against the car in front. The left running board and the left back spring were broken. The rubber was cut in the left back tire and the bracket that held the stop light was broken. There was also a hole cut in the car in the upper left rear near the roof. The frame of the car was sprung so that the gears did not work properly. When it came to rest, after being hit, it was headed in a southeasterly direction with its front against the rear of the Stephans car and its rear against the front of the street car.

The husband of appellee testified that he saw the street car coming, through the mirror on his car, after he got on the tracks and it was probably 350 feet west of him, and that he couldn't get out of the way on account of the people crossing the street.

There was evidence of one witness that the motorman was looking toward the theater.

The jury found that the negligence of the appellant consisted of running the car too fast and not looking out for traffic, and that neither Mr. nor Mrs. Craig was guilty of contributory negligence, and that the motorman could have discovered that the automobile would probably be moved onto the street-car tracks, when he was 150 feet away, and that at that time the left front wheel of the automobile was eighteen inches north of the south rail of the east-bound street-car tracks.

Appellant urges that the motion to set aside the general verdict and for judgment in favor of the appellant on the special findings should have been sustained. It bases this largely on the special finding that neither Mr. nor Mrs. Craig looked before they drove on the track.

Appellant also urges that the motion to set aside the special findings, and the motion for a new trial should have been granted. This is based largely on the argument that the physical facts contradict the evidence offered by appellee, and hence the evidence of the physical facts should control, which prove that the automobile was driven onto the tracks directly in front of a rapidly approaching car.

With reference to the motion for judgment for the appellant on the special findings, notwithstanding the general verdict, this court

is bound by the findings of the jury, since the record discloses that there was ample evidence to justify them. As noted heretofore, these were that the street car was 150 feet away when the motorman could have seen that the car was about to be driven upon the tracks, and that neither appellee nor her husband looked for a car before driving on the tracks.

These findings bring this case within the statement of facts set out in *Shelton v. Traction Company*, 99 Kan. 34, 160 Pac. 977. There the court said:

"By a simple act, which the law required of him, looking for a street car while still in the place of safety, the plaintiff could have prevented the collision." (p. 35.)

In the case of *Ek v. Chicago R. I. & P. Rly. Co.*, ante, p. 177, 294 Pac. 663, this court held that where a fatal collision could have been avoided by the driver of an automobile by looking for an approaching train, when he was in a place of safety and just before driving on the tracks of the railroad, it was contributory negligence to drive on without looking.

In the case at bar had the appellee and her husband looked for a street car before driving on the tracks the collision would not have occurred. Appellee argues that at the time the automobile was driven upon the tracks the street car was such a distance away that it was not the duty of the driver to look, and that the street car was driven into the back end of the automobile of appellant after it had been on the tracks long enough for the motorman to have seen the danger of a collision and have avoided it.

This argument is not borne out by the special finding. We conclude that it was negligence as a matter of law for appellee and her husband to drive upon the street-car tracks without looking, when by looking they could have seen a street car approaching 150 feet away. All the elements above noted appear in the special findings of the jury. Hence it follows that the motion for a judgment for appellant on these special findings, notwithstanding the general verdict, should have been sustained. Since this conclusion disposes of the case, it will not be necessary to consider the other questions presented.

The decision of the lower court overruling motion for judgment on the special findings, notwithstanding the general verdict, is reversed and the case is remanded with instructions to enter judgment for the defendant.